IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

CUMIS INSURANCE SOCIETY, INC.,

    Plaintiff,

v.              CIVIL ACTION NO.: 3:12-CV-6277
               Judge Robert C. Chambers

JAMES L. RAINES, ALICIA RAINES
and DeANNE RAINES,

    Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CAUSE OF ACTION AGAINST THESE DEFENDANTS OR, ALTERNATIVELY, TO BAR PLAINTIFF'S CLAIMS BASED UPON LACHES

## I. STATEMENT OF CASE

On October 5, 2012, the plaintiff filed this civil action against the defendants, James L. Raines, Alicia Raines and DeAnne Raines. The defendants were served with plaintiff's Summons and Complaint on October 18, 2012. The cause of action set forth in the plaintiff's Complaint arises out of an alleged fraud involving monies allegedly transferred by defendant James L. Raines to the accounts of the three defendants while he was employed by the Huntingtonized Federal Credit Union (hereinafter "HFCU").[1]

---

[1] The defendant James L. Raines was never an employee of the Huntingtonized Federal Credit Union. James Raines, the father of the defendant James L. Raines, was an employee.

CYRUS & ADKINS
ATTORNEYS AND
COUNSELLORS AT LAW
636 Fourth Avenue
Huntington, W.Va. 25701

The Complaint alleges that defendant James L. Raines was employed by the HFCU for twelve (12) years until his retirement in August, 2008. See Complaint, paragraph 7. The Complaint further alleges that beginning in 2004, defendant James L. Raines began recording fictitious expenses through the HFCU's general ledger account with a corresponding deposit into family members' accounts, including the defendants. Id., paragraph 9. The Complaint further alleges that defendant James L. Raines sought to defraud the HFCU by placing illegitimate funds into the accounts of relatives. Id., paragraph 17.[2] Although the plaintiff attempts to plead the equitable remedy of unjust enrichment, the Complaint does not seek an equitable remedy, but instead a monetary judgment. Id., Prayer for Relief, p. 4.

## II. LEGAL ARGUMENT

The Complaint fails to plead fraud against the defendants with particularity. Rule 9(b) of the Federal Rules of Civil Procedure states as follows:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge and other conditions of a person's mind may be alleged generally.

Federal Rule of Procedure 9(b) requires that the plaintiff plead all of the elements of fraud with particularity. "Particularity of pleading is required with regard to the time, place, speaker and contents, as well as the manner in which the statements are false and the specific acts raising an inference of fraud - the 'who, what, where, why and when.'" Harrison v. Westinghouse Savannah River Co., 176 F.3d 776 (4th Cir. 1999).

---

[2] James L. Raines is the named defendant, although in various paragraphs of the Complaint he is listed as James Raines or Mr. Raines.

2

The rule requiring this heightened pleading standard for allegations has four purposes: 1) to ensure that a defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of; 2) to protect defendants from frivolous lawsuits; 3) to eliminate fraud actions in which all the facts are learned after discovery, and; 4) to protect defendants from harm to their goodwill and reputation. Id., at 784 (citation omitted). The failure to comply with Rule 9(b) is treated as a failure to state a cause of action under Rule 12(b)(6) Id., at 783 n.5.

The plaintiff's Complaint fails to allege the what, where, why and when concerning these defendants, James L. Raines, Alicia Raines and DeAnne Raines. For example, the plaintiff fails to allege the dates of each alleged deposit into the defendants' accounts, the individual amount of each deposit or other particulars of where, why and when these defendants participated in the alleged fraudulent conduct of James Raines, the manager of HFCU.

Not only does the plaintiff's Complaint fail to meet the heightened standard required by Rule 9(b) of the Federal Rules of Civil Procedure, it even fails to meet the plaintiff's obligation to provide the grounds of its entitlement to relief which requires more than labels and conclusions. See, Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

## B. STATUTE OF LIMITATIONS

Plaintiff's Complaint clearly alleges that the acts complained of occurred "beginning in 2004" and ending in August, 2008, the date of James Raines' retirement. See Complaint, paragraphs 7 and 9. Further, the plaintiff's Complaint alleges that defendant James Raines made misrepresentations regarding funds deposited in the defendants' accounts. See

3

Complaint, paragraph 18. These alleged misrepresentations, by necessity, had to occur within the time period of defendant James Raines' employment. Thus, more than one year has expired from the date of the alleged fraud. Moreover, plaintiffs Complaint does not allege that the defendant engaged in any activity or behavior that prevented the plaintiff, or its subrogee HFCU, from discovering the alleged fraud.

In a creative effort to circumvent the applicable one-year statute of limitations for actions based upon fraud, the plaintiff claims that as a result of the fraud, the defendants were unjustly enriched, an equitable doctrine. As a result, the plaintiff will likely contend the statute of limitations is inapplicable and instead contend that the doctrine of laches applies. Most, if not all, frauds arguably unjustly enrich someone. The plaintiff's creativity is misplaced. Allowing a fraud claim for monetary damages to be pursued under the doctrine of unjust enrichment would effectively eviscerate the statute of limitations for fraud actions.

The plaintiff's Complaint does not seek an equitable remedy, but one for damages. Laches is applicable only where a suit based on fraud is not for damages, but to rescind a writing or impose a trust or other equitable relief. See Laurie v. Thomas, 170 W.Va. 276, 294, S.E.2d 78 (1982). Only when a common-in-law action for fraud seeks a remedy equitable in nature, is laches applicable and not the statute of limitations. Id.

West Virginia Code 55-2-12 provides as follows:

> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal

4

injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

Claims based upon fraud and/or misrepresentation are governed by West Virginia Code 55-2-12(c) and thus must be brought within one year after the right to bring the same has occurred. Laurie, supra.

### III. JURISDICTION AMOUNT

28 U.S.C. §1332 in pertinent part, states as follows:

(a) The district courts still have original jurisdiction of all citizens when the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between -
(1) citizens of different states;

The plaintiff's Complaint includes DeAnne Raines, despite the fact the plaintiff seeks money damages of only $7,135 against her. See Complaint, Prayer for Relief, p. 4. Since the plaintiff fails to allege an amount in excess of this Court's jurisdictional amount, DeAnne Raines should be dismissed as a defendant in this civil action.

### IV. CONCLUSION

The plaintiff's Complaint is based upon fraud and misrepresentation. These claims are already time-barred by the applicable West Virginia statute of limitations. Additionally, the Complaint fails to comply with the pleading requirements mandated by Rule 9(b) of the Federal Rules of Civil Procedure and other federal pleading requirements.

WHEREFORE, the defendants respectfully request this Honorable Court to dismiss the plaintiff's Complaint for reasonable attorney fees and expenses incurred herein and for such further relief as may be appropriate in the premises.

JAMES L. RAINES, ALICIA RAINES
and DeANNE RAINES,

BY COUNSEL

s/ S. Douglas Adkins, Esquire
WVSB #80
Counsel for JAMES L. RAINES, ALICIA
RAINES and DeANNE RAINES
CYRUS & ADKINS
636 Fourth Avenue
Huntington, West Virginia 25701
Counsel for Defendant
Telephone : (304) 522-9593
Fax: (304) 522-9596
Email: sdadkins@cyrusandadkins.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

CUMIS INSURANCE SOCIETY, INC.,

        Plaintiff,

v.                                       CIVIL ACTION NO.: 3:12-CV-6277
                                       Judge Robert C. Chambers

JAMES L. RAINES, ALICIA RAINES
and DeANNE RAINES,

        Defendants.

## **CERTIFICATE OF SERVICE**

I, S. Douglas Adkins, counsel for the defendants, James L. Raines, Alicia Raines and DeAnne Raines, do hereby certify that I have served a true and correct copy of the foregoing "Defendants' Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Complaint for Failure to State a Cause of Action Against These Defendants or, Alternatively, to Bar Plaintiff's Claims based Upon Laches" upon the following counsel by electronic submission with the Clerk of the Court, on the ___7th___ day of November, 2012, and that notification of such service has been filed electronically through the CM/ECF, as follows:

Benje A. Selan, Esquire (#11779)
COCHRAN & OWEN, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, Virginia 22182
Telephone: (703) 847-4480
Fax:    (703) 847-4499
bselan@cochranowen.com

                                       s/ S. Douglas Adkins, Esquire
                                       WVSB #80
                                       Counsel for JAMES L. RAINES, ALICIA
                                       RAINES and DeANNE RAINES
                                       CYRUS & ADKINS
                                       636 Fourth Avenue
                                       Huntington, West Virginia 25701
                                       Counsel for Defendant
                                       Telephone : (304) 522-9593
                                       Fax: (304) 522-9596
                                       Email: sdadkins@cyrusandadkins.com