IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

CUMIS INSURANCE SOCIETY, INC. )
)
       **Plaintiff,** )
) Civil Action No.: 3:12cv6277 (RCC)
v. )
)
JAMES L. RAINES, et al. )
)
       **Defendants.** )
_____)

**CUMIS INSURANCE SOCIETY, INC.'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

    CUMIS Insurance Society, Inc. ("CUMIS"), by counsel, in opposition to the Motion to Dismiss filed by defendants JAMES L. RAINES, ALICIA RAINES AND DEANNE RAINES (jointly, "Defendants"), states as follows:

**I.    HISTORY AND PROCEDURAL POSTURE**

    CUMIS asserts a count for unjust enrichment against the Defendants based upon illicit and unauthorized deposits into their banking accounts conducted by James Raines[1] during the latter's employment with Huntingtonized Federal Credit Union (the "Credit Union"). On October 5, 2012, CUMIS initiated the above-captioned action by filing a Complaint in the United States District Court for the Southern District of West Virginia, Huntington Division. The Defendants filed their Motion to Dismiss, based upon Federal Rule of Civil Procedure 9(b), statute of limitations and jurisdictional amount, on November 8, 2012.

---

[1] James Raines is the father of James L. Raines and DeAnne Raines, and father-in-law of Alicia Raines.

## II. DEFENDANTS' MOTION TO DISMISS ARGUES AGAINST CLAIMS NOT ASSERTED, MISCONSTRUES THE NATURE OF THE UNJUST ENRICHMENT COUNT AND IGNORES SUPPLEMENTAL JURISDICTION

The Defendants' Motion to Dismiss should be denied as it argues against a non-asserted fraud claim, ignores the nature of a claim for unjust enrichment and ignores pendent jurisdiction.

### A. CUMIS did not assert a claim for fraud against the Defendants.

The Defendants argument that the Complaint does not comply with the heightened pleading standard for fraud claims is irrelevant as CUMIS has not asserted a fraud claim. The Complaint sets forth one count for unjust enrichment against each of the Defendants.

Furthermore, the Complaint contains sufficient information to satisfy the Iqbal/Twombly standard (requiring that a pleading offer more than "…'legal conclusions' of 'a formulaic recitation of the elements of a cause of action…'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007)). A claim for unjust enrichment generally requires a showing of "… (1) a benefit conferred upon the plaintiff, (2) an appreciation or knowledge by the defendant of such benefit, and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." Stand Energy Corp. v. Columbia Gas Transmission Corp., 2008 U.S. Dist. LEXIS 63913, 60-61 (S.D. W. Va. Aug. 19, 2008), citing Veolia Es Special Services, Inc. v. Techsol Chemical Co., No. 3:07-0153, 2007 U.S. Dist. LEXIS 88127, 2007 WL 4255280 at *9 (S.D.W.Va. 2007). CUMIS has identified the exact figure each Defendant benefited from the illicit transactions, the time periods at issue, as well as the manner in which the transactions were conducted. Should the Court require additional information as to each specific transaction, attached hereto as Exhibit A is a list of the dates and amounts of each transaction attributable to the individual Defendants.

### B. A claim of unjust enrichment is not subject to a statute of limitations argument.

A claim for unjust enrichment is not attributable to a statute of limitations argument, but rather the theory of laches. In O'Brien v. Allstate Ins. Co., the Court held that "[a]n unjust enrichment claim is equitable in nature. Therefore, the principle of laches, rather than a statute of limitations, governs whether a claim may be brought." O'Brien v. Allstate Ins. Co., 2010 U.S. Dist. LEXIS 134573, *14 (N.D. W. Va. Dec. 20, 2010), citing Absure, Inc. v. Huffman, 213 W. Va. 651, 655 (W. Va. 2003), (reaching its conclusion that an unjust enrichment claim is subject to laches in the face of a claim that the statute of limitations on the cause of action had expired). Further, the Court in O'Brien, holding that the principle of laches applied to unjust enrichment claims, stated that "[i]n West Virginia, "restitution damages from a claim of unjust enrichment are measured in terms of the benefit the plaintiff conferred to the defendant." O'Brien, 2010 U.S. Dist. LEXIS at *12, citing Bright v. QSP, Inc., 20 F.3d 1300, 1311 (4th Cir. 1994).

The Defendants reliance on Laurie v. Thomas, 170 W. Va. 276, 294, S.E.2d 78 (1982) is misplaced. While Defendants maintain that the holding of the case limits the application of the principle of laches to actions seeking to rescind a writing or trust, the Court actually stated that "[w]here a suit based on fraud is not seeking damages but seeks to rescind a writing or impose a trust or other equitable relief, it is not a common law action for fraud but is equitable in nature. Here the relief sought is for rescission or cancellation of the deed plus an accounting for profits. The case is one in equity and the doctrine of laches applies rather than any specific statute of limitations period." In Laurie, the plaintiffs sought to rescind a deed based upon fraud, among other issues. Not only is this not the case before the Court in this matter, but the Laurie Court did not make any sweeping decision that only matters involving rescissions of writings could be

3

subject to the principles of laches rather than a statute of limitations.

    **C.**    **The Court has jurisdiction over Defendant DeAnne Raines.**

While DeAnne Raines' liability is below the amount in controversy threshold pursuant to 28 U.S.C. §1332, the Court maintains supplemental jurisdiction of DeAnne Raines pursuant to 28 U.S.C. §1367, stating that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The amount in controversy threshold, $75,000.00, has been reached in regard to defendants James L. Raines and Alicia Raines. As the claim against DeAnne Raines involves facts common to all defendants, and for the purposes of judicial economy, the United States District Court for the Southern District of West Virginia, Huntington Division, may maintain jurisdiction over DeAnne Raines.

## III. CONCLUSION

For the reasons set forth herein, Defendants James L. Raines', Alicia Raines' and DeAnne Raines' Motion to Dismiss should be denied

                                          Respectfully submitted,

                                          CUMIS Insurance Society, Inc.

By:   /s/ Ben Selan
    Benje A. Selan (WVSB No. 11779)
    bselan@cochranowen.com
    Cochran & Owen, LLC
    8000 Towers Crescent Drive, Suite 160
    Vienna, VA 22182
    (703) 847-4480 (phone)
    (703) 847-4499 (facsimile)

**CERTIFICATE OF SERVICE**

       I hereby certify that a true copy of the foregoing CUMIS Insurance Society, Inc.'s Memorandum in Opposition to Defendants' Motion to Dismiss was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following CM/ECF participant(s):

Douglas Adkins, Esquire
CYRUS & ADKINS
636 Fourth Avenue
Huntington, West Virginia  25701
Ph:  (304) 522-9593
Fx:  (304) 522-9596
sdadkins@cyrusadkins.com
*Counsel for Defendants*

                                                   /s/ Ben Selan
                                      Benje A. Selan  (WVSB No. 11779)
                                      bselan@cochranowen.com
                                      Cochran & Owen, LLC
                                      8000 Towers Crescent Drive, Suite 160
                                      Vienna, VA  22182
                                      (703) 847-4480 (phone)
                                      (703) 847-4499 (facsimile)