IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CUMIS INSURANCE SOCIETY, INC.,

        Plaintiff,

v.                                            CIVIL ACTION NO.   3:12-6277

JAMES L. RAINES, ALICIA RAINES and
DEANNE RAINES,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion to Dismiss Plaintiff's Complaint for Failure to State a Cause of Action Against these Defendants or, Alternatively, to Bar Plaintiff's Claims Based upon Laches. ECF No. 8.  For the following reasons, the Court **DENIES, in part,** and **GRANTS, in part**, the motion.

**I.
FACTS**

On October 5, 2012, Plaintiff CUMIS Insurance Society, Inc. filed a Complaint against Defendants James L. Raines, Alicia Raines, and DeAnne Raines.  Plaintiff alleges that, from approximately 1996 to August 2008, James L. Raines was employed as a manager at the Huntingtonized Federal Credit Union (hereinafter the Credit Union).[1]  According to Plaintiff, "[b]eginning in 2004, James Raines began recording fictitious expenses through the Credit Union's general ledger accounts with a corresponding deposit into family members' accounts, including those belonging to" Defendants. *Compl*. at ¶ 9, ECF No. 1.  Mr. Raines generally made

---

[1] According to Defendants James L. Raines was never employed by the Credit Union. Rather, it was James L. Raines' father, James Raines, who was the employee.

small deposits several times a month into the accounts. Plaintiff asserts that Mr. Raines made $76,723.94 in fictitious deposits into a joint account between James L. and Alicia Raines, often when the account was near zero or had a negative balance. He also made $9,490.00 in fictitious deposits into an account solely owned by James L. Raines, $6,899.00 into an account solely owned by Alicia Raines, $7,135.00 into accounts solely owned by DeAnne Raines, and deposits into other accounts of relatives who are not a party to this action.[2] Plaintiff alleges that the fictitious deposits totaled $102,722.94.

Plaintiff states that it bonded the Credit Union and paid it the $102,722.94 in losses. Exercising its right to subrogation, Plaintiff then brought this action pursuant to diversity of jurisdiction to recover those funds deposited into Defendants' accounts, in the total amount of $100,247.94. Defendants collectively now seek to dismiss for failure to state a claim and for being filed outside of the statute of limitations. DeAnne Raines also moves to dismiss the claim against her for lack of jurisdiction. The Court will address these issues one at a time

## II.
## DISCUSISON

### A.
### Unjust Enrichment

Plaintiff's only claim for relief against Defendants is for unjust enrichment. Plaintiff alleges that "James Raines sought to defraud the Credit Union by placing illegitimate funds into the accounts of his relatives" and, by his actions, he knowingly made false

---

[2]Plaintiff asserts that $950 was deposited into Isabella Raines' account and $1,525 was deposited into Carolyn Raines' account.

representations to the credit union that the deposits were legitimate. *Id*. at ¶¶ 17 & 18. In addition, Plaintiff asserts that, "[b]y the receipt and/or withdrawal of funds from the accounts," Defendants "personally benefitted from the fraudulent transfer of money into their respective accounts." *Id*. at ¶19.

In their Motion to Dismiss, Defendants' first two arguments are that the Court should treat Plaintiff's "unjust enrichment" claim as a fraud claim and find (1) it fails to meet the requirements of Rule 9(b) of the Federal Rules of Civil Procedure[3] and (2) it falls outside the one-year statute of limitations which governs fraud cases. *See* W. Va. Code § 55-2-12(c) (providing, in part: "[e]very personal action for which no limitation is otherwise prescribed shall be brought . . . (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could have been brought at common law by or against his personal representative").

However, it is well established that a plaintiff is the master of the complaint, and there is no requirement that a plaintiff allege every conceivable claim against a defendant in the complaint. Moreover, this Court will not ascribe to a plaintiff a potential claim for relief which it has not pled. *See United States v. Jones*, 125 F.3d 1418, 1428 (11th Cir. 1997) (providing that, as master of the complaint, "[t]he plaintiff selects the claims that will be alleged"); *Samovsky v.*

---

[3]Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

*Macy's*, No. 12 C 4261, 2013 WL 139880, *3 (N.D. Ill. Jan 10, 2013) (stating that the plaintiff controls the complaint and selects the claims that will be alleged in the complaint).

Under West Virginia law, "[a] claim of unjust enrichment generally entails the establishment of three elements: (1) a benefit conferred upon the [defendant], (2) an appreciation or knowledge by the defendant of such benefit, and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." *Veolia Es Special Services, Inc. v. Techsol Chem. Co.*, 2007 WL 4255280, at *9 (S.D. W. Va. Nov. 30, 2007) (citation omitted).[4] Often, "unjust enrichment is a common and uncomplicated legal claim." *Stand Energy Corp. v. Columbia Gas Trans. Corp.*, 521 F. Supp.2d 537, 540 (S.D. W. Va. 2007). On the other hand, proving fraud frequently can be complex and vexing and necessitates proving different elements than an unjust enrichment claim.[5]

---

[4]Arguably, the West Virginia Supreme Court further refined the "test for recovery under unjust enrichment when it stated, '[t]he Court has also indicated that if benefits have been received and retained under such circumstances that it would be inequitable and unconscionable to permit the party receiving them to avoid payment therefor, the law requires the party receiving . . . the benefits to pay their reasonable value.'" *Id.* at **9-10 (quoting *Realmark Devs., Inc. v. Ranson*, 542 S.E.2d 880, 884-85 (W. Va. 2000)).

[5]In order to prove fraud under West Virginia law, a plaintiff must demonstrate: "(1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied upon it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied upon it." Syl. Pt. 1, *Lengyel v. Lint*, 280 S.E.2d 66 (W. Va. 1981) (quoting *Horton v. Tyree*, 139 S.E. 737, 738 (W. Va. 1927)).

Defendants ask this Court to convert Plaintiff's claim into a cause of action for fraud so that they can assert the one-year statute of limitations defense and allege Plaintiff failed to meet the heightened pleading requirements for fraud under Rule 9(b). Defendants argue the claim is really one for fraud based on the allegations and because Plaintiff seeks money damages, rather than equitable relief. In addition, Defendants assert to allow Plaintiff to bring the claim as an unjust enrichment claim effectively eviscerates the statute of limitations in fraud cases.

However, as noted above, Plaintiff is the master of its Complaint, and it can choose what claims it decides to bring, or not to bring, in an action. In this case, Plaintiff has filed the action as an unjust enrichment case and, ultimately, it will be Plaintiff's burden to prove the elements of its cause of action and the right to recover damages. This Court will not rewrite Plaintiff's Complaint in order to provide Defendants a defense to the allegations. Moreover, the Court finds no problem with Plaintiff requesting monetary relief as an equitable remedy. As the district court observed in *Patrick Henry Estates Homeowners Ass'n, Inc. v. Miller*, 758 F.Supp.2d 331 (N.D. W. Va. 2010), "[g]enerally, money damages are a legal remedy. There are two exceptions, however. Damages are equitable when they are: (1) restitutionary or (2) incidental to or intertwined with injunctive relief." 758 F. Supp.2d at 340 (internal quotation marks and citations omitted).[6] Here, Plaintiff seeks relief and judgment in the exact amount of money it

---

[6]Defendants cite *Laurie v. Thomas*, 294 S.E.2d 78 (W. Va. 1982), for the proposition that if a plaintiff seeks damages based upon fraud, laches is not applicable because it only applies in situations in which the plaintiff asks to rescind a writing or impose a trust or seeks other equitable relief. However, *Laurie* provides that, "[w]here a suit based on fraud is not seeking damages but seeks to rescind a writing or impose a trust or other equitable relief, it is not a common law action for fraud but is equitable in nature." 294 S.E.2d at 81. Contrary to Defendants' assertion, this language in *Laurie* merely describes a situation that is equitable in nature, it does not say that all

alleges was fictitiously deposited into Defendants' accounts, in other words, reimbursement of those funds. Clearly, the remedy sought is "restitutionary." The fact Plaintiff also seeks attorneys' fees, costs, and expenses does not change this Court's conclusion. *See id.* at 341 (holding that costs and attorney's fees related to equitable claims also are equitable in nature). Therefore, as the unjust enrichment claim is an equitable claim, the doctrine of laches controls the timeliness of the action.[7] *See O'Brien v. Allstate Ins. Co.*, Civil Action No. 5:10-CV-40, 2010 WL 5204925, at *5 (N.D. W. Va. Dec. 20, 2010) (stating "[a]n unjust enrichment claim is equitable in nature. Therefore, the principle of laches, rather than a statute of limitations, governs whether a claim may be brought[,]" citing *Absure, Inc. v. Huffman,* 584 S.E.2d 507, 511 (W. Va. 2003)).

In addition, to the extent Rule 9(b)'s requirement that a plaintiff "must state with particularity the circumstances constituting fraud" arguably even applies to Plaintiff's unjust enrichment claim, the Court finds the requirements of the Rule are met. To satisfy Rule 9(b), a plaintiff "must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (citation and internal quotation marks omitted). The Fourth Circuit has stated, however, that "[a] court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the

---

claims for damages are otherwise legal claims.

[7]"Laches is inexcusable delay in asserting a right, and is an equitable defense, controlled by equitable considerations. To be a bar, the lapse of time must be so great, and the relation of the defendant to the right such that it would be inequitable to permit the plaintiff to assert it, where he has had, for a considerable period, knowledge of the existence, or might have acquainted himself with it, by the use of reasonable diligence." *Id.* (internal quotation marks and citation omitted).

defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999). Here, the Complaint alleges that Mr. Raines made fictitious deposits into certain accounts. The Complaint contains the time frame of the transactions, the names on the accounts, the last few digits of the account numbers at issue, and the total amounts alleged to have been deposited in each account. Certainly, this information fulfills the purpose of the Rule. *See U.S. ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, No. 11-2077, 2013 WL 136030 (4th Cir. Jan. 11, 2013) (stating the purpose of the Rule includes "providing notice to a defendant of its alleged misconduct, of preventing frivolous suits, of eliminat[ing] fraud actions in which all the facts are learned after discovery, and of protect[ing] defendants from harm to their goodwill and reputation" (internal quotation marks and citation omitted)).[8] Thus, the Court rejects Defendants' argument under Rule 9(b).

## B.
## Jurisdiction

Defendants' last argument is that the claim against DeAnne Raines must be dismissed because it falls far below the $75,000 threshold for diversity jurisdiction to exist over her. *See* 28 U.S.C. § 1332 (providing, in part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs"). The parties do not dispute that this Court has original diversity jurisdiction over the claims against James L. Raines and Alicia Raines as the Complaint

---

[8] Plaintiff also attached to its Memorandum in Opposition to Defendants' Motion to Dismiss an exhibit which breaks down the alleged fictitious deposits even farther by listing each specific transaction with the date, time, and precise amount.

alleges they are jointly and severally liable for $76,723.94.[9] In addition, Plaintiff concedes its claim that DeAnne Raines is individually liable for $7,135.00 does not meet the jurisdictional threshold. However, Plaintiff argues that this Court should exercise supplemental jurisdiction over the claim pursuant to 28 U.S.C. § 1367.

When, as here, a district court has original jurisdiction over an action, section 1367(a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a), in part. The exception in subsection (b), however, states that:

> [i]n any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

---

[9]As previously mentioned, the Complaint also asserts James L. Raines is individually liable for $9,490.00 and Alicia Raines is individually liable for $6,899.00.

-8-

28 U.S.C. § 1367(b). In *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005), the United States Supreme Court explained that, while subsection (a) "is a broad jurisdictional grant," that power is significantly curtailed under subsection (b) when the court's jurisdiction is based upon diversity. 545 U.S. at 559-60; *see also United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 492-93 (4th Cir. 1998) (stating "subsection (b) limitations of supplemental jurisdiction are designed to prevent plaintiffs from circumventing the requirements of diversity"). Section "1367(b) explicitly excludes supplemental jurisdiction over claims against defendants joined under Rule 20." *Id*. at 560. Rule 20 of the Federal Rules of Civil Procedure allows the permissive joinder of defendants when "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2), in part.

Here, Plaintiff has not alleged DeAnne Raines is jointly or severally liable for the claims against her co-defendants, and this Court does not have original jurisdiction over her. Instead, Plaintiff argues this Court should exercise supplemental jurisdiction over her because the claims "involve[] facts common to all defendants, and for the purposes of judicial economy[.]" *Mem. in Opp. to Defs.' Mot. to Dis.*, at 4, ECF No. 11. However, § 1367(b) clearly prohibits this Court from exercising supplemental jurisdiction under the permissive joinder rules. Plaintiff has not made any other argument as to how this Court could acquire jurisdiction over her. Thus, as

Plaintiff has failed to meet its burden to demonstrate jurisdiction, the Court **GRANTS** Defendants' motion to the extent it requests DeAnne Raines be dismissed.

### III.
### CONCLUSION

Accordingly, for the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss this action based upon their statute of limitations and Rule 9(b) arguments, but **GRANTS** the motion with respect to DeAnne Raines and **DISMISSES** her from further proceedings in this matter.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to all counsel of record and any unrepresented parties.

ENTER: February 11, 2013

_____
ROBERT C. CHAMBERS, CHIEF JUDGE